## Potter Title and Trust Company Petition.

Argued April 11, 1945.  Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry A. Estep,* with him *M. Barney Cohen,* for appellant.

*George F. P. Langfitt,* First Assistant District Attorney, with him *Russel H. Adams,* District Attorney, for appellee.

PER CURIAM, May 9, 1945:

On February 11, 1944, in the execution of a valid search warrant, State Police officers raided a dwelling house at 1225 Epiphany Street in Pittsburgh owned by Frank Prezioso.  His mother lived with him there.  On the premises the officers found evidence which together with paraphernalia seized in two neighboring houses, indicated the conduct of a numbers lottery on a large scale, with a division of phases of operation among the three houses.  In or on open safes in Prezioso's house, $41,100 in currency was found and $16.77 in coin.  Upon a well founded suspicion that the house was the pay-off station of the lottery, the officers seized the entire fund and delivered it to the District Attorney of Allegheny County to be used as evidence in a criminal prosecution against Prezioso and others.  Five days later Christina Prezioso, the mother, who has since died, petitioned the court for a return of the money to her, alleging that she was the sole and exclusive owner of the entire fund.  The lower

court, after full hearing, denied the prayer of her petition on April 11, 1944, and it is from that order that this appeal was taken. The court found: "This testimony [for petitioner] is indefinite and unsatisfactory and falls short of the evidence required to establish ownership of the fund". We have read all of the testimony and agree with this finding; petitioner's testimony was self-contradictory and is wholly incredible.

Although the question of petitioner's title to the fund was the only issue in the proceeding below, at the argument of this appeal we were asked to find that the evidence was insufficient to establish that the money seized was an integral part of a numbers lottery (Cf. *Fairmount Eng. Co. v. Montg. Co.,* 135 Pa. Superior Ct. 367 5 A. 2d 419) and that it, therefore, was not subject to confiscation. That question is outside of the scope of this proceeding. Frank Prezioso with others was convicted on April 28, 1944 of conducting a numbers lottery and on appeal to this court the conviction was sustained. *Com. v. Prezioso,* 157 Pa. Superior Ct. 80, 41 A. 2d 350. There was no order of confiscation, either in that case following the conviction, or in a proceeding in rem on a return of the officer who seized the fund, under §60 of the Act of March 31, 1860, P. L. 382, 18 PS 1445. Cf. In re: *Petition of Supt. of Police,* 113 Pa. Superior Ct. 520, 173 A. 753. That section was not repealed by The Penal Code of June 24, 1939, P. L. 872. *Urban's Appeal,* 148 Pa. Superior Ct. 101, 24 A. 2d 756. The fund is still in the custody of the District Attorney. Whether it may be confiscated as a part of the gambling operation will be a question for the lower court to decide in the first instance.

The single question before the lower court was properly decided.

Order affirmed.